# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TYRESE D. HYLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:13CV143 HEA |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This is an independent action for relief from judgment under Rule 60(d)(3) of the Federal Rules of Civil Procedure. Petitioner, a prisoner, has moved to proceed in forma pauperis. Petitioner has submitted an affidavit and prison account statement demonstrating that he does not have sufficient funds to pay the entire filing fee. Hence, the motion to proceed in forma pauperis will be granted, and petitioner will be required to pay an initial partial filing fee of $4.35. Under 28 U.S.C. § 1915(e), the Court is required to review an action filed in forma pauperis and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the case, the Court has determined that the action should be denied and dismissed. No certificate of appealability shall issue.

**28 U.S.C. § 1915(b)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his petition. A review of petitioner's account indicates an average monthly deposit of $21.74, and an average monthly balance of $4.87. Petitioner has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.35, which is 20 percent of petitioner's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a petition filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a respondent who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named respondents and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**Procedural Background**

On November 21, 2002, the federal grand jury returned a second superseding indictment against petitioner for murder for hire and conspiracy to commit murder for hire, in violation of 18 U.S.C. §§ 1958(a) and (2). On May 9, 2005, petitioner's trial began. A jury returned guilty verdicts on both counts on May 26, 2005. The penalty phase of movant's trial began on May 31, 2005, and concluded on June 9, 2005. The jury recommended sentences of life imprisonment without release. On September 9,

2005, the Court issued its judgment imposing two consecutive life sentences. United States v. Hyles, 1:01CR73 HEA (E.D. Mo.).

Petitioner appealed his conviction. In an Opinion dated March 21, 2007, the Eighth Circuit Court of Appeals affirmed petitioner's convictions in full. See United States v. Hyles, 479 F.3d 958 (8th Cir. 2007). Petitioner did not pursue a writ of certiorari to the United States Supreme Court. On February 9, 2009, petitioner filed a motion for extension of time to file his motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner's motion to vacate was actually filed on July 27, 2009. See Hyles v. United States, 1:09CV105 HEA (E.D.Mo.). On August 3, 10, 27, 28 and 31, 2009, and on January 11, 2010, petitioner filed various supplemental motions. On May 10, 2010, by Opinion, Memorandum and Order, the Court denied and dismissed petitioner's motion to vacate as untimely.[1] The Eighth Circuit Court of Appeals denied petitioner a certificate of appealability on August 23, 2010.

On September 30, 2013, petitioner filed the instant motion, entitled "Motion Filed Under Federal Rule of Civil Procedure 60(b)(2), Newly Discovered Evidence, 60(b)(3); Fraud, 60(b)(6) and all Requested under an 'Independent Action,' and

---

[1] An amended opinion was entered on August 6, 2010 to account for a clerical error.

Respectfully Moves this Court for Relief from Final Judgment of Conviction, based on Knowingly Perjured Testimony Given to Grand Jury."

**Petitioner's Request for Relief**

Petitioner requests relief from the denial of his motion to vacate, alleging "fraud" in his underlying criminal action. Specifically, petitioner asserts that the government "knowingly presented perjured testimony to the Grand Jury in return of an indictment against petitioner."

The gist of petitioner's arguments seem to center around his belief that one of the prosecutors in his criminal action, Mike Price, acted unlawfully when he allegedly knowingly conspired with a federal agent named Larry Bruns to present evidence to the Grand Jury by way of the testimony of petitioner's wife, Tonya Hyles. Petitioner claims that Mr. Price and Mr. Bruns knew that Ms. Hyles was lying during her testimony to the Grand Jury regarding petitioner's actions and that she could not be used as a reliable witness against petitioner in his trial. Petitioner asserts that nevertheless, Mr. Price and Mr. Bruns presented Ms. Hyles' testimony to the Grand Jury, placed Ms. Hyles' name on the witness list at petitioner's trial, and did not

inform petitioner's counsel or the Court that they knew that Ms. Hyles had presented false testimony to the Grand Jury.[2]

**Rule 60**

Rule 60(b)(3) allows a court to grant relief from a final judgment because of "fraud[,] . . . misrepresentation, or misconduct by an opposing party," but a motion made pursuant to 60(b)(3) must be filed within one year of the judgment, at the latest. Fed. R. Civ. P. 60(c)(1). Rule 60(d)(3) functions as a saving clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar.[3]

The standard for "fraud on the court" is, as a consequence, demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace[s] . . . the species

---

[2]Ms. Hyles was later indicted and convicted of aiding and abetting murder for hire, possession of a firearm in furtherance of a crime of violence, use of interstate commerce facilities in the commission of murder for hire and conspiracy to deliver a firearm to a felon. See U.S. v. Hyles, 1:05CR57 HEA (E.D. Mo.).

[3]Rule 60(d)(3) contains the "fraud on the court" provision that was part of the penultimate sentence of Rule 60(b) before its 2007 revision. The change was stylistic only, see Fed. R. Civ. P. 60, Advisory Committee Notes, 2007 Amendments, and thus interpretations of the prior "fraud upon the court" language apply equally to the new Rule 60(d)(3).

of fraud which does or attempts to[] defile the court itself." Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir.1989) (quotation omitted). "Fraud upon the court requires that there was a material subversion of the legal process such as could not have been exposed within the one-year window" provided by what is now Rule 60(c). Apotex Corp. v. Merck & Co., 507 F.3d 1357, 1360 (Fed. Cir. 2007).

> The essential elements of an independent Rule 60(d) action are:
>
> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud . . . which prevented the [movant] . . . from obtaining the benefit of his [position]; (4) the absence of fault or negligence on the part of [movant]; and (5) the absence of any adequate remedy at law.

Bankers Mortg. Co. v. United States, 423 F.2d 73, 79 (5th Cir. 1970).

Independent actions for relief under subsection (d) "must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46 (1998) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)).

Unfortunately, petitioner has failed to allege a fraud upon the Court that would entitle him to relief in an action in equity under Rule 60, as all of his allegations concern fraud in his underlying criminal action.

Only a Rule 60(b) motion alleging fraud or other defect in <u>the federal habeas proceeding</u> may constitute a true Rule 60(b) motion. <u>See</u>, <u>e.g.</u>, <u>Spitznas v. Boone</u>, 464 F.3d 1213, 1216 (10th Cir. 2006). "Thus, an allegation that the state presented fraudulent testimony before the federal habeas court that was separate and distinct from any previous fraud alleged to have tainted the initial conviction or direct appeal may be the subject of a true Rule 60(b) motion. However, if the fraud on the federal habeas court (or the federal district court that convicted and/or sentenced the movant in the case of a § 2255 motion), the Rule 60(b) motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding." <u>Spitznas</u>, 464 F.3d at 1216; <u>see</u> <u>also</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 533-36 (2005).

Petitioner is not without a legal remedy: he may file a request with the United States Court of Appeals for the Eighth Circuit to file a successive habeas petition. As a result, this action is legally frivolous, and petitioner is not entitled to relief from judgment.

To the extent that petitioner may be attempting to evade the AEDPA's limitations on filing successive habeas corpus actions by titling this action as one falling under Rule 60, the action fails. Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal court's previous resolution of a claim on the merits. Gonzalez, 545 U.S. at 530-32. Petitioner appears to be attempting to raise a new ground for relief in this action. Thus, petitioner's claim may be subject to the restrictions on filing successive habeas petitions. If indeed that is so, petitioner must receive permission from the United States Court of Appeals for the Eighth Circuit before he may bring such a claim in this Court. 28 U.S.C. § 2244(b)(3).

Accordingly,

**IT IS HEREBY ORDERED** petitioner's motion for leave to proceed in forma pauperis [Doc. #9] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner shall pay an initial filing fee of $4.35 within thirty (30) days of the date of this Order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that petitioner's motions for leave to amend his petition [Doc. #8 and #12] are **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to exclude his co-defendant [Doc. #3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's motions for appointment of counsel [Doc. #4 and #11] are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DENIED** and **DISMISSED** as legally frivolous.

**IT IS FURTHER ORDERED** that petitioner's application for a certificate of appealability [Doc. #2] is **DENIED** as he has failed to make a substantial showing of the denial of a constitutional right.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 5th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE