**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

TYRESE D. HYLES,                              )
                                             )
                    Petitioner,              )
                                             )
        v.                                   )           No. 1:13CV143 HEA
                                             )
UNITED STATES,                               )
                                             )
                    Respondent,              )

## OPINION, MEMORANDUM AND ORDER

Before the Court is petitioner's "motion 60(b) rules of civil procedure filed under order of 'mistake or inadvertence.'" After due consideration, petitioner's motion will be denied.

### Procedural Background

On November 21, 2002, the federal grand jury returned a second superseding indictment against petitioner for murder for hire and conspiracy to commit murder for hire, in violation of 18 U.S.C. ' ' 1958(a) and (2). On May 9, 2005, petitioner=s trial began. A jury returned guilty verdicts on both counts on May 26, 2005. The penalty phase of movant=s trial began on May 31, 2005, and concluded on June 9, 2005. The jury recommended sentences of life imprisonment without release. On September 9, 2005, the Court issued its judgment imposing two consecutive life sentences. *United States v. Hyles*, 1:01CR73 HEA (E.D. Mo.).

Petitioner appealed his conviction. In an Opinion dated March 21, 2007, the Eighth Circuit Court of Appeals affirmed petitioner=s convictions in full. *See United States v. Hyles*, 479 F.3d 958 (8th Cir. 2007). Petitioner did not pursue a writ of certiorari to the United States Supreme Court. On February 9, 2009, petitioner filed a motion for extension of time to file his motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. ' 2255. Petitioner=s motion

to vacate was actually filed on July 27, 2009. *See Hyles v. United States*, 1:09CV105 HEA (E.D.Mo.). On August 3, 10, 27, 28 and 31, 2009, and on January 11, 2010, petitioner filed various supplemental motions. On May 10, 2010, by Opinion, Memorandum and Order, the Court denied and dismissed petitioner=s motion to vacate as untimely.[1] The Eighth Circuit Court of Appeals denied petitioner a certificate of appealability on August 23, 2010.

On September 30, 2013, petitioner filed the instant case, entitled AMotion Filed Under Federal Rule of Civil Procedure 60(b)(2), Newly Discovered Evidence, 60(b)(3); Fraud, 60(b)(6) and all Requested under an >Independent Action,= and Respectfully Moves this Court for Relief from Final Judgment of Conviction, based on Knowingly Perjured Testimony Given to Grand Jury.@

In his motion, petitioner requested relief from the denial of his motion to vacate, alleging Afraud@ in his underlying criminal action. Specifically, petitioner asserted that the government Aknowingly presented perjured testimony to the Grand Jury in return of an indictment against petitioner.@

In accordance with petitioner's request, the Court filed petitioner's action as an independent action under Rule 60 and reviewed his arguments under the Rule. The Court ultimately found that petitioner had failed to allege a fraud upon the Court that would entitle him to relief in an action in equity under Rule 60. All of petitioner's allegations concerned fraud in his underlying criminal action and only a Rule 60(b) motion alleging fraud or other defect in the federal habeas proceeding may constitute a true Rule 60(b) motion. *See, e.g., Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (AThus, an allegation that the state presented fraudulent

---

[1]An amended opinion was entered on August 6, 2010 to account for a clerical error.

testimony before the federal habeas court that was separate and distinct from any previous fraud alleged to have tainted the initial conviction or direct appeal may be the subject of a true Rule 60(b) motion.").

Pursuant to the relevant caselaw, petitioner's motion was therefore considered noncognizable under Rule 60, and instead, considered as a second or successive § 2255 petition, as any ruling on his allegations "would inextricably challenge the underlying conviction proceeding.@ *Spitznas*, 464 F.3d at 1216; *see also Gonzalez v. Crosby*, 545 U.S. 524, 533-36 (2005). As such, petitioner's motion was denied and dismissed as a successive § 2255 motion and no certificate of appealability was issued. The Eighth Circuit Court of Appeals denied petitioner's request for certificate of appealability on July 16, 2014. *See Hyles v. United States*, No. 14-1536 (8th Cir. 2014).

### Discussion

In his motion before the Court, petitioner states that the Court made an "inadvertent mistake" in requiring him to pay a filing fee for the instant action. In essence, petitioner asserts that if he would have been aware that his motion would ultimately have been interpreted as a successive § 2255 petition, he would not have insisted it be filed as an "independent action" under Federal Rule of Civil Procedure 60.

Because petitioner insisted that his action be filed as an independent action under Rule 60, he was subject to the full filing fee for independent actions brought before this Court, including those brought as mandamus actions and those brought under the All Writs Act. Although his action was ultimately found to be noncognizable under Rule 60, and thus, more properly brought under § 2255, he cannot retroactively insist that he is not subject to the Court's full filing fee for the action he insisted be brought as an "independent action" in this Court. In

short, petitioner is responsible for his own legal machinations. Thus, his request that he be exempt from the filing fee for this Rule 60 action will be denied.[2]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "motion 60(b) rules of civil procedure filed under order of 'mistake or inadvertence'" [Doc. #32] is **DENIED**.

Dated this 2nd day of October, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2] The dismissal of this action is not considered a "strike" under 28 U.S.C. § 1915(g).